221 F.2d 226
 Victor GOTHBERG, an individual doing business as Gothberg Construction Company, Appellant and Appellee,
v.
Burton E. CARR, Jane Doe Carr, his wife, Jack Akers and Sherman Johnstone, Appellees and Appellants.
 No. 13959.
 United States Court of Appeals, Ninth Circuit.
 April 1, 1955.
 
 E. L. Arnell, George M. McLaughlin, Anchorage, Alaska, for appellants.
 Bell & Sanders, Anchorage, Alaska, for appellees.
 Before HEALY and BONE, Circuit Judges, and CLARK, District Judge.
 PER CURIAM.
 
 
 1
 This is a suit to recover the balance of monies allegedly owing on a contract, or series of contracts — some of them oral — for the construction of a garage. Plaintiff Gothberg was the builder and defendant Carr the owner of the premises. In his answer Carr alleged failure of performance on the part of Gothberg, and denied that there had been substantial performance. He interposed also a cross-complaint claiming damages for alleged violations of the agreements and for shortcomings in performance.
 
 
 2
 The case was tried to a jury. At the close of the evidence each party moved for a directed verdict, and both motions were denied. The jury returned a verdict in favor of Gothberg awarding him an amount somewhat less than he had claimed, and awarding Carr damages in a lesser amount on his cross-complaint. The court subtracted the lesser sum from the greater and entered judgment for Gothberg in the amount of the difference. Both parties moved for a new trial, and their motions were denied. Both have appealed from the judgment.
 
 
 3
 The evidence pro and con appears in conflict throughout. The trial of the cause consumed several weeks, in the course of which the jury, with the consent of the parties, was permitted to view the premises. The trial was conducted by the exceptionally able and conscientious Judge Dimond, who instructed the jury at length on the issues involved, including the issues of non-performance and substantial performance. No objection was interposed by either party to any of the instructions given. Nor is any meritorious complaint made here in respect of rulings of the court in the admission or rejection of evidence. Each party still contends, however, that the court was in error in refusing to grant his motion for a directed verdict.
 
 
 4
 Upon study of the record and consideration of the arguments we see no sufficient reason for disturbing the judgment. On the whole the jury would seem to have reached a just result and one warranted by the evidence.
 
 
 5
 Affirmed.